UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

------------------------------------------------------

AMBER SMITH, on her own behalf and on behalf
of a class of similarly situated individuals,

        Plaintiff,

    v.

MEDCERTS LLC; and MEDCERTS
HOLDINGS, LLC,

        Defendants.

------------------------------------------------

**COMPLAINT**

## CLASS ACTION COMPLAINT

Plaintiff, Amber Smith, on behalf of herself and a class of similarly situated individuals file this Class Action Complaint for declaratory and injunctive relief and attorneys' fees/costs and respectfully alleges as follows:

## FACTS

1.    Plaintiff Amber Smith is deaf and requires accommodations to communicate. Specifically, because Plaintiff cannot understand spoken English, Plaintiff frequently communicates in person via American Sign Language.

2.    However, when Plaintiff is watching movies or online videos, Plaintiff requires closed captioning of the video or movie in order to understand what the speaker is saying.

3.    Named as defendants are MEDCERTS LLC; and MEDCERTS HOLDINGS, LLC.

4.    Defendants own and operate a website and online course portal known as MedCerts, which can be accessed online at: http://www.medcerts.com.

5.    Defendants are Michigan-domiciled limited liability companies.

6.      Upon information and belief, defendants are doing business in Louisiana and have substantial contacts with Louisiana.

7.      Upon information and belief, defendants have solicited potential students in Louisiana.

8.      Upon information and belief, defendants run advertisements that are shown in Louisiana.

9.      Upon information and belief, defendants actively enroll students who live in Louisiana.

10.     Defendants operate a website which is interactive in nature and is logically bound to draw in members of the general public, including Plaintiff and other members of the Class.

11.     Plaintiff frequently uses the internet as this communication forum has made much information available to her.

12.     Plaintiff lives in Carville, Louisiana, just outside of Baton Rouge.

13.     This is an action for declaratory and injunctive relief pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

15.     Defendants provides content and courses over the internet. Despite providing courses to individuals all across the country, defendants have largely denied access to this content to the approximately 48 million -- nearly one out of five -- Americans who are deaf or hard of hearing.  Many of these individuals require captioning to meaningfully access the audio component of online audiovisual and audio content.

16.     Defendants' online video content is not captioned so that it can be understood by individual who are deaf.

17.     Ms. Smith is a married to a member of the United States Military.

18.     The Military Spouse Career Advancement Accounts (MyCAA) program provides up to $4,000 (over 2 years) of Financial Assistance for military spouses who are continuing their education by pursuing a license, certification, or Associates degree in a portable career field and occupation.

19.     Ms. Smith wants to take classes with MedCerts.

20.     MedCerts offers online classes through videos.

21.     Ms. Smith called MedCerts via videophone on 8/30 or 8/31 and asked about closed captioning.

22.     The MedCerts representative said that they do not have captioning and directed Ms. Smith to call her MyCAA contact person. Ms. Smith called that person but they said it is the obligation of MedCerts to provide closed captioning.

23.     Ms. Smith would take courses with MedCerts if their videos were captioned.

24.     Ms. Smith is presently deterred from signing up with MedCerts because their videos are not captioned and she will not be able to understand the content.

25.     Ms. Smith knows that attempting to use the MedCerts videos would amount to a futile gesture.

26.     Captioning videos to make it accessible for individuals who are deaf or hard of hearing is a reasonable accommodation. Just as buildings without ramps bar people who use wheelchairs, online content without captions excludes individuals who are deaf or hard of hearing.

27.     Upon information and belief, defendants are fully aware that captioning is necessary to make online content accessible to deaf and hard of hearing people.

28.     A proposed class brings this civil rights action against defendants to enforce the requirement of Section 504 of the Rehabilitation Act of 1973 ("Section 504")

29.     Upon information and belief, defendants are receiving federal financial assistance in the form of student loans from the department of education and/or loans /grants from branches of the military.

30.     Because Defendants receive federal financial assistance, they are subject to Section 504.

31.     By not providing captioning, Defendants deprive deaf and hard of hearing individuals the benefits of their online content, benefits afforded to nondisabled individuals, thereby increasing the sense of isolation and stigma that Section 504 was meant to redress for individuals with disabilities. As the Department of Justice has stated, "[b]eing unable to access websites puts individuals at a great disadvantage in today's society, which is driven by a dynamic electronic marketplace and unprecedented access to information."

32.     Denial of their video content to deaf and hard of hearing persons violates Section 504.  Remedying this violation is critical to these statutes' goal of ensuring that people with disabilities have the same access that others take for granted.

33.     Accordingly, Plaintiff and the Class seek injunctive and declaratory relief to ensure that deaf and hard of hearing individuals have equal, effective, and timely access to Defendants' video content.

34.     Defendants create and produce online content that is made available to the general public, and also control, maintain and/or administer their webpages and websites.

35.     Also on information and belief, defendants have failed to have in place administrative methods, practices, procedures and policies that ensure that online content that they create and/or produce has captioning.

36.     On information and belief, defendants use administrative methods, practices, procedures and policies which result in online content lacking accurate captioning.

37.     Also on information and belief, defendants have failed to have in place administrative methods, practices, procedures and policies that ensure that online content made available on their websites has accurate captioning.

38.     For example, and without limitation, on information and belief, defendants have not attempted to require that online content created by personnel or professors be accurately captioned as a condition of that content being made available.

39.     Plaintiff Amber Smith, motivated by her personal interests and in her role as a Class Representative, has attempted to use defendants' website(s).  Because of Defendants failure to provide captioning, she was unable to understand, and thus denied the benefit of, many of the videos she tried to watch.

## CLASS ACTION ALLEGATIONS

40.     Plaintiff has been, and in the absence of an injunction will continue to be, injured by defendants' failure to provide timely, accurate captioning of its online video content.

41.     Joinder of all members of the proposed class would be impracticable because, without limitation, the class consists of numerous individuals who are geographically diverse, these individuals are very difficult to identify, and they are unlikely to be able to bring individual suits.

42.    There are numerous common questions of law and fact, including but not limited to:

    a.  Whether provision of online content constitutes a service, privilege or advantage of Defendants;

    b.  Whether provision of online content constitutes a program or activity of Defendants;

    c.  Whether Section 504 requires Defendants caption its online content so that deaf and hard of hearing individuals are not denied the benefits of its services, facilities, privileges, advantages, programs and/or activities;

    d.  Whether Section 504 requires Defendants to caption its online content so that deaf and hard of hearing individuals are provided with benefits that are equal to those provided to nondisabled persons;

    e.  Whether captioning constitutes an auxiliary aid or service under Section 504;

    f.  Whether Section 504 requires Defendants to caption its online content to ensure that deaf and hard of hearing individuals are provided with effective communication;

    g.  Whether Defendants has policies or practices that result in uncaptioned online content;

    h.  Whether Defendants have failed to have in place policies or practices to ensure that online content is captioned;

    i.  Whether Defendants have failed to make reasonable modifications in policies, procedures, and practices that are necessary to provide persons with hearing disabilities meaningful, effective access to its online content.

43.    The claims of Ms. Smith are typical of the claims of the class because they arise from the same course of conduct engaged in by defendants, are based on the same alleged violations of the same statutes and regulations, and seek the same relief.

44.    Plaintiff will fairly and adequately represent the interests of the Class. Plaintiff has no interests adverse to the interests of other members of the class. Further, the attorneys Plaintiff has retained include counsel who has brought other class actions and has successfully litigated numerous disability rights actions across the country.

45.    Finally, certification under Rule 23(b)(2) is proper here because defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or declaratory relief with respect to the class as a whole.

46.    Upon information and belief, the Class is believed to consist of over one hundred members.

47.    Common questions of law exist as to all members of the Class, and predominate over any questions affecting solely individual members of the Class. Among the questions of law and fact common to the Class are:

48.    There will be no difficulty in the management of this action as a class action. Moreover, judicial economy will be served by the maintenance of this lawsuit as a class action, in that it is likely to avoid the burden which would be otherwise placed upon the judicial system by the filing of numerous similar suits by people across the State of Louisiana. There are no obstacles to effective and efficient management of the lawsuit as a class action.

## CLAIM FOR RELIEF

### Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*

49.    At all times relevant to this action, Section 504 of the Rehabilitation Act, 29 U.S.C.

§ 794, has been in full force and effect and has applied to defendants' conduct.

50.     Section 504 of the Rehabilitation Act provides that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794.

51.     The Rehabilitation Act extends relief to "any person aggrieved" by discrimination in violation thereof. 29 U.S.C. § 794a(a)(2).

52.     Defendants discriminated against Plaintiff and Class, on the basis of disability, in violation of 29 U.S.C. § 794.

53.     Plaintiff and the Class are entitled to injunctive relief, as well as an award of attorneys' fees, and costs (including expert expenses) pursuant to the Rehabilitation Act, 29 U.S.C. § 794(a).

54.     Plaintiff incorporates by reference each and every allegation previously asserted.

55.     Defendants have engaged in illegal disability discrimination, as defined by the Rehabilitation Act, including without limitation:

•     directly or through contractual, licensing or other arrangements, denying

      opportunities for deaf and hard of hearing people to participate in or

      benefit from its aids, benefits, or services;

•     directly or through contractual, licensing or other arrangements, affording deaf

      and hard of hearing people opportunities to participate or benefit from its aids,

      benefits and service that are not equal to, or effective as, those afforded others;

•     directly or through contractual, licensing or other arrangements, limiting deaf or

      hard of hearing people in the enjoyment of rights, privileges, advantages, and/or

opportunities enjoyed by others receiving Defendant's aids, benefits, or services;

• utilizing methods of administration (i) that have the effect of subjecting deaf or hard of hearing people to discrimination on the basis of handicap, and (ii) that have the purpose or effect of defeating or substantially impairing accomplishment of the objectives of Defendants' programs and activities with respect to deaf and hard of hearing people;

• failing to provide an auxiliary aid or service where necessary to ensure that deaf or hard of hearing people are not denied effective communication and are not excluded, denied services or otherwise treated differently than others; and/or

• failing to make reasonable modifications in policies, practices or procedures where necessary to afford its services, privileges, advantages or accommodations to deaf or hard of hearing persons.

56.     Defendants have violated the Rehabilitation Act by, without limitation, failing to provide captioning for its online content, thereby denying deaf and hard of hearing persons the benefits of that online content, providing them with a benefit that is not equal to that provided others, and denying them effective communication.

57.     Defendants have further violated the Rehabilitation Act by, without limitation, utilizing administrative methods, practices and policies that allow its online content to be made available without accurate captioning.

58.     Defendants ongoing and continuing violations of Section 504 has caused, and in the absence of an injunction will continue to cause, harm to the Plaintiff and the Class.

**<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiff and the Class respectfully prays that this Court grant the following relief:

a.    Certify a Class Action pursuant to Rule 23(b).

b.    Enter a declaratory judgment, pursuant to Rule 57 of the Federal Rules of Civil Procedure, stating that defendants' policies, procedures, and practices have subjected Plaintiff and the Class to unlawful discrimination in violation of Section 504 of the Rehabilitation Act.

c.    Issue an injunction forbidding defendants from implementing or enforcing any policy, procedure, or practice that denies deaf or hard of hearing individuals, or individuals associated with them, meaningful access to and full and equal enjoyment of the services offered by defendants.

d.    Issue an injunction ordering defendants:

   i.    to develop, implement, promulgate, and comply with a policy prohibiting future discrimination against Plaintiff and other deaf or hard of hearing individuals and their companions by failing to provide effective communication;

   ii.   to develop, implement, promulgate, and comply with a policy requiring that defendants provide closed captioning of their online video content;

   iii.  to train all its employees, staffs, and other agents on a regular basis about the rights of individuals who are deaf or hard of hearing under the RA;

e.    Award to the Class and Class Counsel:

   i.   Reasonable costs, expert expenses, and attorneys' fees pursuant to the RA;

   ii.  Any and all other relief that this Court finds necessary and appropriate.

f.    Award to MS. SMITH:

i.    A reasonable incentive award, not to exceed $10,000.00, for the time, burden,

and difficulty of bringing and maintaining this action.

Dated: September 22, 2017

Respectfully Submitted,

**BIZER & DEREUS**
Attorneys for Plaintiff
Andrew D. Bizer (LA # 30396)
andrew@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
Marc P. Florman (LA # 35128)
mflorman@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

By:/s/      Garret S. DeReus
          GARRET S. DEREUS